# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 15-187V
**Filed: November 9, 2015**
Unpublished

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| JERED R. ANDERSON, | \* | |
| | \* | |
| Petitioner, | \* | Damages Decision Based on Proffer; |
| | \* | Influenza; Syncope; |
| | \* | Post-concussion Syndrome; |
| SECRETARY OF HEALTH | \* | Special Processing Unit ("SPU") |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*John Andrew Hamer*, Hoffman Law Office, Fairbault, MN, for petitioner.
*Debra Filteau Begley*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On February 27, 2015, Petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act" or "Program"]. Petitioner alleges that he suffered syncope and post-concussion syndrome following the administration of an influenza vaccine on December 28, 2012. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On July 29, 2015, a ruling on entitlement was issued, finding petitioner entitled to compensation for syncope and post-concussion syndrome. On November 6, 2015, respondent filed a proffer on award of compensation ["Proffer"] indicating petitioner should be awarded $50,000.00. Proffer at 1. In the Proffer, respondent represented that

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

petitioner agrees with the proffered award. Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $50,000.00 in the form of a check payable to petitioner, Jered R. Anderson.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| **JERED R. ANDERSON**, | * | |
| | * | |
| Petitioner, | * | **No. 15-187V** |
| | * | CHIEF SPECIAL MASTER |
| v. | * | NORA BETH DORSEY |
| | * | |
| **SECRETARY OF HEALTH AND HUMAN SERVICES**, | * | |
| | * | |
| | * | |
| Respondent. | * | |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I.      Items of Compensation**

For purposes of this proffer, the term "vaccine-related" is as described in Respondent's Rule 4(c) Report, filed on July 29, 2015, conceding entitlement in this case. Based upon the evidence of record, respondent proffers that petitioner should be awarded $50,000.00. This represents all elements of competition to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a) for his vaccine-related injury.[1] Petitioner agrees.

**II.     Form of the Award**

The parties recommend that the compensation provided to petitioner should be made through lump sum payments described below, and request that the Chief Special Master's decision and the Court's judgment award the following:

   A lump sum of $50,000.00 in the form of a check payable to petitioner, Jered R. Anderson.

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

These amounts account for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner would be entitled. Petitioner is a competent adult. Evidence of guardianship is not required in this case.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

ALTHEA W. DAVIS
Senior Trial Counsel
Torts Branch, Civil Division

/s/ DEBRA A. FILTEAU BEGLEY
DEBRA A. FILTEAU BEGLEY
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Phone:  (202) 616-4181
Fax:     (202) 353-2988

Dated: November 6, 2015